J-S57039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| COREY GAYNOR, | : | |
| | : | |
| Appellant | : | No. 2654 EDA 2016 |

Appeal from the Judgment of Sentence March 2, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0005932-2014

BEFORE:  PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 18, 2017**

Corey Gaynor ("Gaynor") appeals from the judgment of sentence imposed following his convictions of first-degree murder, firearms not to be carried without a license, and possession of an instrument of crime.[1]  We affirm.

On the night of April 14, 2014, Timothy Cary ("Cary") and his date went to the Copabanana, a restaurant and bar located at 40th and Spruce Streets in Philadelphia.  During the evening, Cary was involved in altercations with several people, including Gaynor.

At some time before 1:30 a.m., Cary stepped outside and stood on the sidewalk in front of the bar with his date.  Cary and Gaynor began talking again, and Cary said, "So what you want to do?"  Gaynor took a step back, pulled out a gun, and shot Cary a total of 12 times.  Cary was taken to the

---

[1] 18 Pa.C.S.A. §§ 2502(a), 6106, 907.

Hospital of the University of Pennsylvania, where he was pronounced dead at 1:42 a.m.

Following the shooting, Gaynor walked southbound on 40th Street. Gaynor was ultimately stopped and arrested on the 4000 block of Pine Street. Police recovered a firearm, a Glock Model 37 semi-automatic handgun with obliterated serial numbers, from a nearby walkway. Gaynor did not have a license to carry a firearm.

Following a jury trial, Gaynor was convicted of the above-mentioned crimes. The trial court sentenced Gaynor to a term of life in prison without the possibility of parole on the first-degree murder conviction, and imposed no further penalty on the remaining convictions. Gaynor filed a post-sentence Motion, which was denied by operation of law on July 13, 2016. Gaynor subsequently filed a timely Notice of Appeal.[2]

Gaynor raises the following issue for our review: "Whether the trial court['s] jury instruction that [Gaynor's] carrying an unlicensed firearm may be used to infer intent for murder [was] highly erroneous[?]" Brief for Appellant at 2.

Gaynor raises a due process challenge to the trial court's instruction,

---

[2] The trial court did not order Gaynor to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, and no trial court opinion was filed in this matter.

based on 18 Pa.C.S.A. § 6104,[3] that the jury could infer Gaynor's intent to commit murder from his use of an unlicensed firearm.[4]  Brief for Appellant at 7.  Gaynor argues that "the instruction created a mandatory presumption because it undermined the fact finder's responsibility at trial to determine whether [Gaynor] was the person who killed [] Cary."  *Id.* at 8.  Gaynor claims that the instruction lessened the Commonwealth's burden to prove, beyond a reasonable doubt, the elements of first-degree murder.  *Id.*

---

[3] Section 6104 provides as follows:

> In the trial of a person for committing or attempting to commit a crime enumerated in section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms), the fact that that person was armed with a firearm, used or attempted to be used, and had no license to carry the same, shall be evidence of that person's intention to commit the offense.

18 Pa.S.C.A. § 6104.

[4] The trial court instructed the jury as follows:

> If you find that the defendant used a firearm in committing the acts that are charged in this case, which is murder, and that the defendant did not have a license to carry that firearm as required by law, you **may** regard that as one of the items of circumstantial evidence on the issue of whether the defendant intended to commit the crime of murder as is charged in this case.  **It is for you to determine what weight, if any, you will give to that item of circumstantial evidence.  Evidence of non-licensure alone is not sufficient to [] prove that the defendant intended to commit the offense of murder.**

N.T., 2/26/16, at 87 (emphasis added).

- 3 -

at 8-9.

> When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.

*Commonwealth v. Fletcher*, 986 A.2d 759, 792 (Pa. 2009) (citations omitted).

In order to preserve a claim that a jury instruction was erroneously given, a specific objection must be made at trial. *See* Pa.R.A.P. 302(b) (providing that "[a] general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); *see also* Pa.R.Crim.P. 647(C) (providing that "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."); *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010) (stating that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." (citations omitted)). Additionally, an objection made during the charging conference is insufficient to preserve a challenge to a jury instruction, where the appellant does not also object after the

actual instruction has been given. *See Commonwealth v. Parker*, 104 A.3d 17, 29 (Pa. Super. 2014).

Here, Gaynor objected to the charge during the charging conference, on the basis that the charge was unnecessary and "onerous," and the trial court overruled the objection. *See* N.T., 2/26/16, at 63. However, Gaynor failed to lodge a specific objection to the charge after it was read to the jury. *See id.* at 93 (wherein, after reading the charge to the jury, the trial court asked whether either party needed a sidebar, and Gaynor's counsel responded in the negative). Because Gaynor failed to object after the charge had been given, his sole issue on appeal is waived. *See Parker*, 104 A.3d at 29.[5] Accordingly, we affirm Gaynor's judgment of sentence.

Judgment of sentence affirmed.

---

[5] Even if Gaynor had preserved his claim for our review, we would conclude that it is without merit. The Pennsylvania Supreme Court has held that an instruction based on Section 6104 violates due process "when it form[s], *by itself*, the basis of a mandatory presumption of intent[.]" *Commonwealth v. Kelly*, 724 A.2d 909, 913 (Pa. 1999) (emphasis in original). However, instructions that create a *permissive* inference of intent have been upheld. *See Commonwealth v. Hall*, 830 A.2d 537, 549-50 (Pa. 2003). The trial court's instruction, *see* FN 4, *supra*, created a permissive inference of intent, and Gaynor failed to establish that the facts of this case did not support the inference. *See Hall*, 830 A.2d at 547 (stating that "in the case of mere permissive inferences, the constitutional challenge cannot be raised in the abstract; the defendant must demonstrate that the inference as applied to him violated his rights of due process." (citation omitted)); *see also id.* (noting that due process is implicated "only if, under the facts of the

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2017

---

case, there is no rational way the trier could make the connection permitted by the inference." (citation omitted)).